## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **RHEANNA KAY CHANCELLOR,** | ) | **Case No. 11-45924-13** |
| | ) | |
| **Debtor.** | ) | |

### MEMORANDUM OPINION

This matter is before the Court on the Trustee's Motion to Vacate Order Discharging Debtor After Completion of Chapter 13 Plan (the "Motion") and the Trustee's Objection to Debtor's Motion for Entry of Chapter 13 Discharge (the "Objection to Discharge"). For all the reasons set forth below, the Court will grant the Motion and sustain the Objection to Discharge.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Debtor filed a Chapter 13 bankruptcy petition on December 29, 2011 and a plan was confirmed on March 14, 2013. The confirmed plan provided that Debtor would make direct payments to creditor Regions Bank ("Creditor") on the debt secured by her residence in the monthly amount of $1,515.42 as shown on Schedule J. On May 2, 2017, Trustee filed a notice of completion of Chapter 13 plan indicating that Debtor had made all payments under the confirmed plan. Debtor then filed a motion for entry of Chapter 13 discharge due to plan completion with objections due by June 27, 2017. In that motion, Debtor stated that she was eligible for discharge under all applicable Bankruptcy laws and rules. No objections to Debtor's motion were filed.

On June 16, 2017, Trustee filed a notice of final cure as to this debt in which he indicated that the ongoing payment was to be made directly to Creditor by Debtor, that Creditor did not file a proof of claim and that Trustee had no knowledge of whether or not Debtor was current on the

post-petition payments.  Responses to the notice were due by July 6, 2017, but none were filed.

The Court entered an order discharging Debtor after completion of the Chapter 13 plan on June 28, 2017, and an Order approving the notice of final cure on July 10, 2017.  After failing to respond to both the motion for discharge and the notice of final cure, Creditor filed a Motion to Reconsider and Vacate, or in the Alternative, Modify the Order approving the Notice of Final Cure deeming the debt current on July 19, 2017.  In the motion, Creditor asserts that the Order should be vacated because Debtor is in default in the amount of $21,768.06.  On August 10, 2017, the Court sustained Creditor's response to the Notice of Final Cure and found the post-petition payments were not current.  Thereafter, Trustee filed the Motion and the Objection to Discharge. Trustee asserts that Debtor has failed to complete all payments under the confirmed Plan by failing to make the ongoing payment directly to Creditor and that Debtor is delinquent in the amount of $21,768.

## II.  LEGAL ANALYSIS

Trustee argues that the order entered by this Court on June 28, 2017, granting Debtor's motion for entry of discharge should be vacated under Rule 60(b)(1) based on the mistake of fact as to Debtor's post-petition payment status with Creditor, or under Rule 60(b)(6) in that the relief is justified because Debtor failed to comply with the terms of her confirmed plan and was not entitled to a discharge[1].  Debtor contends that Rule 60(b) does not apply because a mistake is made only when a party has knowledge of relevant facts, but fails to act as it should have with said knowledge.  She argues that there was no mistake by Trustee when the order was granted

---

[1] Trustee initially contends that Debtor is out of time to object to Trustee's Motion and Objection to Discharge because responses thereto were due September 5, 2017, and Debtor filed her response on September 6. Debtor's lack of timeliness in filing her response by one day is not material in this matter, nor does it prejudice the Trustee.  *See, e.g., Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380  (1993).

because Trustee followed every procedure and task that is in place in order to review a case for completion.

It is undisputed that when a debtor's plan provides for ongoing payments directly to the creditor, and the debtor defaulted in such payments, the debtor is not entitled to a discharge under §1328(a).  *See In re Thornton*, 572 B.R. 738 (Bankr. W.D. Mo. 2017); *see also, In re Coughlin*, 568 B.R. 461 (Bankr. E.D.N.Y. 2017).  However, the issue in this matter is can the discharge order be vacated when the Court and Trustee are not made aware that such direct payments are in default until after an order granting discharge is entered[2].

Rule 60(b) provides, in relevant part, that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for… (1) mistake, inadvertence, surprise, or excusable neglect;… or (6) any other reason that justifies relief." Judicial oversight or inadvertence can provide grounds for Rule 60(b)(1) relief, but the movant must establish a meritorious defense, lack of prejudice to the plaintiff and freedom from culpability.  *See In re Forbes*, 218 B.R. 48 (B.A.P. 8th Cir. 1998).  Rule 60(b) affords trial courts substantial discretion in ruling on whether they court should vacate a final order but a court must consider whether the equities of the case warrant that relief.  *See In re Bethe*, 2017 WL 3994813, at *4 (Bankr. E.D. Wis. 2017). Rule 60(b)(1) gives the court the authority to reconsider an order based on its own mistake of fact.  *In re 310 Assoc.,* 346 F .3d 31, 35 (2nd Cir. 2003).  It also empowers courts to relieve a party from an order for inadvertence, which can be inadvertence on

---

[2] The parties agree that 11 U.S.C. §1328(e) is not applicable here.  That section authorizes the court to revoke a discharge when the discharge was obtained by the debtor through fraud.  There have been no allegations of fraud with regard to this issue and thus, the discharge may not be revoked under §1328(e).  The Debtor has not argued that §1328(e) is the only available source of the relief Trustee seeks.  Accordingly, the court will consider Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60.

the part of the Court rather than the parties. *Buggs v. Elgin, Joliet & Eastern Ry. Co.,* 852 F.2d

318, 322 (7th Cir. 1988); *In re Christianson*, 2008 WL 1902724, at *2 (Bankr. N.D. Iowa 2008).

Applying the factors set forth in *Forbes*, movant Trustee has established a meritorious

defense.  He has a legitimate objection to discharge due to Debtor's failure to make the direct,

post-petition payments based on *Thornton*.  There is also no prejudice to Debtor other than having

to defend against the Trustee's Motion and Objection to Discharge but that is not the relevant

prejudice required.  Finally, Trustee is free from culpability in regards to the erroneous discharge

order being entered.  He did not know that the post-petition payments were not current.  Creditor

did not respond to inform Trustee or the Court of that fact; neither did Debtor alert Trustee or the

Court to that fact.

Debtor relies on *Coughlin* for the proposition that mistake, as used in Rule 60(b)(1), refers

to an excusable litigation mistake or a court's substantive mistake in law or fact and that there was

no mistake made by the Trustee when the discharge order was granted because he followed the

required procedures and tasks.  In *Coughlin*, the debtor also failed to make his post-petition

mortgage payments directly to the mortgagee as provided by the plan but was still granted a

discharge.  The court held, and Judge Federman agreed in *Thornton*, that direct post-petition

payments are payments under the plan for purposes of §1328(a) and a debtor should not receive a

discharge if in default on such payments.  568 B.R. at 474.  However, in that case, as here, the

court had already entered an order granting debtor a discharge and the trustee filed a motion

seeking to vacate the order of discharge.  The *Coughlin* court ultimately denied the trustee's

motion to vacate because it had no prior decision to provide guidance on the post-petition

4

mortgage payment issue and because the discharge order was entered as they routinely were in

that court, upon the filing of customary documents filed by the trustee.  However, there is one

main distinction in *Coughlin* from this case and that is the fact that the mortgage creditor did in

fact file a response to the trustee's notice of final cure, informing both the court and the trustee

that the debtor was in default prior to the entry of discharge.  Here, neither the Trustee nor the

Court had been made aware, by Creditor or by Debtor, that Debtor was in fact in default on direct

payments to Creditor that were due under the plan.

Similarly, in *In re Bethe*, the debtors failed to make all of the postpetition mortgage

payments required by their plan unbeknownst to the trustee.  Pursuant to the trustee's practice, he

filed a notice of completion upon final payment made to the trustee, and the court entered a

discharge order that same day.  Eight days later the trustee filed a notice of final cure payment and

the creditor timely responded to the notice stating that the debtor was in default on postpetition

payments.  In the course of reviewing the final report, the court discovered the creditor's assertion

that debtor had failed to make all payments under the plan and scheduled a hearing to consider

vacating the discharge order.  Ultimately, that court found that the granting of the discharge based

on the trustee's report that the debtors had completed all payments under the plan was a mistake.

2017 WL 3994813.  However, in *Bethe*, and factually distinct from this matter, the debtors and

mortgage creditor had entered into a loan modification agreement that effectively cured the

default with the mortgage-holder's consent.  *Id.*at *4.  The *Bethe* court found, based on that fact,

that the equities of the case did not warrant vacating the discharge order.

As noted, this important fact is missing in this case.  Although Debtor suggests that a loan

modification had been discussed, there is no evidence or assertion that Debtor and Creditor had

5

entered into any type of modification agreement that would have effectively cured the post-petition payment default.  Creditor did not file a response to Debtor's motion for entry of discharge nor to Trustee's notice of final cure.  While the Court agrees that Creditor was derelict in its duties to respond to either motion or notice, that does not change the fact that Debtor was not eligible for a discharge under § 1328(a) and that the Court granted such discharge on a mistake of fact that Debtor had in fact made all payments due under the plan.  Debtor knew that she had not made all of the required post-petition payments but still filed a motion for entry of discharge and asserted that she was eligible for a discharge under all applicable Bankruptcy laws and rules when this was not true based on *Thornton*.  Debtor claims that she had discussed surrendering the real property but even if true, the excess monthly income should have gone to unsecured creditors.  Further, neither Creditor nor Debtor had made Trustee aware that the post-petition payments required under the plan were in default.  Finally, Debtor has options to deal with any problems created by vacating the discharge order and has, in fact, already filed a new Chapter 13 plan.  Considering all of these things, the Court finds that the equities of this case warrant the vacation of the order discharging Debtor.  *See Bethe* at *4.

As mentioned above, and importantly, Trustee did not have the pertinent information necessary to object to Debtor's motion for entry of discharge at the time it was filed.  Debtor contributed to Trustee's "mistake" because she knew she was not current on her required post-petition direct payments but did not disclose that information to Trustee in her motion for discharge or at any other time.  Debtor argues that Trustee followed every procedure and completed every task necessary to review the case for completion but the point is not that Trustee followed all procedures, but that in following such procedures Trustee lacked the pertinent

6

information necessary to respond accordingly.  Based on the entry of an order on the erroneous

facts provided by Debtor to Trustee and the Court, the Court concludes that fundamental fairness

requires that relief should be granted from the discharge order under Rule 60(b)(1).  *See, e.g.,*

*Christianson*, 2008 WL 1902724, at *3.[3]

Debtor also states that she relied on the current discharge in her new Chapter 13 case and

thus did not include any creditors other than Regions Bank.  She contends that vacating the

discharge order would significantly impact the new case.  The Court does not disagree, but the

fact that Debtor will have to contemplate how to modify her new Chapter 13 case does not change

the fact that Debtor was not eligible for a discharge in this case and the equities dictate those

creditors being treated accordingly in the new case.

### III.  CONCLUSION

For the foregoing reasons, the Court grants the Trustee's Motion to Vacate Order

Discharging Debtor and sustains the Objection to Debtor's Motion for Entry of Chapter 13

Discharge.  Trustee also asks that the Court order Debtor to amend the schedules, matrix and plan

to address all creditors in her newly filed Chapter 13 case within 21 days.  The Court denies this

request as it should be brought in that other proceeding.  Also, Debtor requests 14 days to amend

the plan in this case to become eligible for relief.  Trustee argues that this case is in month 69 so

amendment of the plan should not be allowed and has requested a dismissal of this case.  The

---

[3] Trustee also seeks relief under Rule 60(b)(6).  Rule 60(b)(6) allows a court to "inject equity and revive an otherwise lifeless claim" but a motion under Rule 60(b)(6) should only be granted in rare circumstances.  *In re Burival*, 449 B.R. 371 (B.A.P. 8th Cir. 2011).  The Court notes that cause exists to vacate the discharge order under the more general Rule 60(b)(6) "for any other reason that justifies relief" in that the Court was unaware of pertinent facts prior to entering an order, facts which made the order erroneous and certainly justifies relief.  It is unnecessary for further analysis by the Court under Rule 60(b)(6) since it finds relief is warranted under Rule 60(b)(1).

Court will set the request for dismissal for hearing and Debtor may respond to such setting with

her request for time to amend or for other relief which the Court will consider at the hearing.


DATED:      December 12, 2017            /s/ Dennis R. Dow

HONORABLE DENNIS R. DOW
UNITED STATES BANKRUPTCY JUDGE